IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA, Plaintiff,

v.

PIROUZ SEDAGHATY, et al., Defendants.

No. 05-60008-2-HO

December 8, 2009

Eugene, Oregon

TRANSCRIPT OF STATUS CONFERENCE

BEFORE THE HONORABLE MICHAEL R. HOGAN

UNITED STATES DISTRICT COURT JUDGE

-:-

Deborah Wilhelm, CSR, RPR
Court Reporter
P.O. Box 1504
Eugene, OR 97440
(541) 431-4113

APPEARANCES OF COUNSEL

FOR THE PLAINTIFF: CHRISTOPHER L. CARDANI
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401
(541) 465-6771
chris.cardani@usdoj.gov

CHARLES F. GORDER, JR.
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1021

FOR THE DEFENDANT: LAWRENCE H. MATASAR
Lawrence Matasar, P.C.
621 S.W. Morrison Street
Suite 1025
Portland, OR 97205
(503) 222-9830
larry@pdxlaw.com

STEVEN T. WAX
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123
steve_wax@fd.org

Also present: Colleen Anderson
David Carroll

(Tuesday, December 8, 2009; 9:51 a.m.)

(The following proceedings were had in chambers.)

(The defendant is not present.)

P R O C E E D I N G S

THE COURT: Good morning. I have Mr. Matasar's letter.

MR. MATASAR: That's really -- all of us worked on it pretty carefully. It's not just mine. But, yeah, we're in agreement that this is where we are. It's pretty much a joint plan. Not that I'm running away from the letter.

THE COURT: You make a nice spokesperson. All right. Where do you want to start, folks?

MR. MATASAR: Well, we were just talking about, we think that it might be good to schedule three general things: The motion to suppress hearings, which we need to talk about; then maybe -- I think we're agreed that if there's going to be motions in limine and the sort of trial type motions, it would be good if we could have those at least a few weeks before the trial so that we can prepare and gear up and we know exactly what the roadmap is going to be and then the trial.

MR. CARDANI: *Daubert*.

MR. MATASAR: Yeah, put *Daubert* sort of in that middle group, that sort of thing.

THE COURT: Have you talked about when you'd like to schedule those?

MR. MATASAR: Well, we've talked about our suggestion that we have the trial part starting on like April 28th. There is another letter that I wrote. I can't remember if I wrote it to the court or if I just -- I think I did write it to the court. Then we can have in March, we can have something before spring break, we can have the other hearings, which we think one of them -- at least the defense side believes there needs to be some classified aspect of that. So, sadly, as you know, Erin is not with us anymore.

THE COURT: Right.

MR. MATASAR: And her replacement will be there. So some of it -- we're going to need that and maybe we can have that before the March 22nd spring break. And then the other one, I guess we could have at the beginning of April.

MR. WAX: Judge, I think that given the tremendous variation in the landscape of the trial based on rulings on the motions to suppress and what the motions in limine will look like, if we can have both sets of hearings before the spring break, I think it would be a heck of a lot better for all of us in terms of our preparation and in terms of your planning, you

know, it would be really helpful for us to have rulings on both sets of motions, you know, a month in advance of trial, because --

MR. MATASAR: That's if -- if I could add, that's if April is the end date. We were told months ago before you had your current schedule that you were looking for April as the end date. I have a -- as -- I have a summer trip starting June 24th, so that's really the -- the trial needs to be over by then if it's going to be in May or June, otherwise we'll have to wait until after that. So the April date was just based on our guidance from your chambers that you wanted it in April. I have no problem with May 2nd or any other day. But we had just artificially chose that as a date. And we also have an expert on the 15th -- an accounting expert who's busy with other stuff on -- through April 15th. So that's why I picked the April 28th.

THE COURT: 28th?

MR. CARDANI: 28th is a Wednesday.

MR. MATASAR: 27th is a Wednesday.

MR. CARDANI: Judge, I think we've predicted as long as two weeks, we're hopeful that it will be less.

THE COURT: Right. Well, some of your dates have been preempted by Mrs. Hogan, so we're going to start the trial June 7th.

We will have the in limine type motions the week of May 10. And the first group you wanted to separate out, what was that, Mr. Matasar?

MR. MATASAR: We thought maybe classified and unclassified. The classified material --

MR. CARDANI: Motion to suppress.

MR. MATASAR: Motions to suppress, all the first ones. Remember, there were some questions that we couldn't ask at the last one? Those could be the same day or a different day, whichever is easier for the court security officer. But we think sooner rather than later for those, probably.

MR. GORDER: Your Honor, we, at this point, disagree that we need a classified hearing on the motion to suppress.

THE COURT: Give me a short brief on that or letter from both of you.

MR. MATASAR: Okay. We'll do that.

MR. CARDANI: But we do agree that we need some supplemental, nonclassified testimony on the aftermath of the motion to suppress. So you had the full-blown motion to suppress, we had a hearing, CDT came down afterwards and some other motions were filed afterwards, and we think some argument and maybe brief testimony on the nonclassified side is appropriate sooner than later,

whenever you are ready to do that.

MR. MATASAR: How much time -- if we're talking about the nonclassified part --

MR. CARDANI: Yes.

MR. MATASAR: -- should we say -- well, maybe the nonclassified part plus argument on these things that don't really need facts, like numbers 2, 3 and 4, maybe half a day. Do you think that's enough time?

MR. CARDANI: Are you ready to do that now?

MR. MATASAR: We're not ready to do it today, but we can do that in March or probably sooner than that.

MR. WAX: Yeah, we are ready.

MR. MATASAR: Yeah, we're pretty much ready to do that, give us at least two weeks and we can do that half a day anytime from -- what's this? From like January 1st on, I think we could be ready, or January 10th on. Whenever you have a -- you don't have to tell us now.

THE COURT: I want to make sure I have your briefing substantially before the suppression --

MR. MATASAR: We'll do that.

THE COURT: -- motions. I'm going to set those on March 15th. And the night before, I'll be conducting the Soldiers' Chorus in Faustus, the opera.

MR. WAX: Conducting or singing or both?

THE COURT: I'm conducting this time.

MR. WAX: Wow.

MR. MATASAR: A wide variation of interests.

THE COURT: A lot, yeah. Hard to keep down on the farm.

MR. GORDER: Just want you to know, Your Honor, my calendar says daylight savings time begins the day before, so make sure you get there on time.

THE COURT: All right. I see that also.

MR. MATASAR: So we will get some sort of -- maybe we could have a date, we can just do it at the same time or however, we'll write something about why we think a classified section of testimony is necessary. We'll have it by -- if it's March 15th, maybe we should say January -- I'm just picking days.

MR. WAX: Whenever.

MR. MATASAR: January 1st.

THE COURT: What I'm going to allow you to do on the suppression motions is talk to each other, come up with a schedule that gives me all the briefing at least three weeks in advance.

MR. MATASAR: I think that there will be very little additional briefing necessary since we have all of these things here. You -- be careful before you ask

for more briefing, Your Honor. There is lots of stuff here, lots of paper.

THE COURT: I just don't want last minute briefs.

MR. CARDANI: Yes. But most of the briefing is now done. There is a couple of responses that are coming in soon, but -- but -- most of that stuff for the first motion to suppress hearing I think is completed.

MR. MATASAR: Let's try to do -- because if we're going to have some classified material, the court security office is going to need to be involved. So let's try to get the court that stuff by like January 10, I'm just picking again, or sooner. I'm not sure what the need is.

MR. WAX: Yeah.

THE COURT: I'm going to interrupt. I should have put this on the record. Your client is not here.

MR. MATASAR: That's correct.

THE COURT: You are waiving that?

MR. MATASAR: We are.

THE COURT: Thank you.

MR. CARDANI: The rogatory issue.

MR. GORDER: There is a new motion, Your Honor, that's not on the letter.

THE COURT: Yes.

MR. GORDER: That the defense just filed regarding testimony involving witnesses in Egypt. We will be responding to that in the next week and a half.

THE COURT: Thank you.

MR. GORDER: Before Christmas. So I think that might be wise to get that on as early --

MR. MATASAR: On the 15th, that's a good idea.

MR. WAX: No, I think January.

MR. GORDER: Or even in January.

MR. WAX: Well, if there is an affirmative ruling, it's very time-consuming to try to effectuate anything.

MR. CARDANI: This involves kind of a significant issue because they are requesting the aid of the court to get an Egyptian witness interviewed, who's the donor of the money, so it's a sensitive witness. And we're just fine with the process, but we're told that that process can take an awful long time and may never happen with the Egyptians. And we just don't want to -- we've got a trial date, and we just don't want to lose it.

THE COURT: Yeah.

MR. MATASAR: But that could be on the regular calendar. That's like a ten-minute argument. We'll brief it so the court can just put it on a regular

criminal calendar in January sometime. And I don't want to presume that --

THE COURT: How about the 19th?

MR. MATASAR: January 19th?

THE COURT: My staff is in some transition now. I've had some, you know, in between, so I need to -- I only have one Mr. Baker to abuse. And we have a lot of filings coming up on a Sunwest case, and I only have one person in the clerk's office that's handling thousands of filings right now. And we have -- we have a flurry of activity coming up in the next period of time.

MR. MATASAR: So the 15th is the motion to suppress and the other pending motions. The 19th will just be the letters rogatory?

THE COURT: Yes.

MR. MATASAR: And we'll have our -- maybe we can before -- no later than the 12th, we'll have our letters to you about the classified issues if you should want to discuss it on the 19th, although there would be no need for you to rule on it then.

THE COURT: That's fine.

MR. WAX: I lost something there.

MR. MATASAR: Go ahead.

MR. WAX: The letter rogatory --

THE COURT: The 19th.

MR. WAX: Of January or March?

THE COURT: January.

MR. MATASAR: On the regular, quick, ten-minute calendar.

MR. WAX: Okay.

MR. CARDANI: Does the clerk's office understand scheduling of all that?

THE CLERK: No, but that's why I have David.

MR. BAKER: The *Daubert* issues are going to be done --

MR. CARDANI: So --

MR. MATASAR: I thought we decided *Daubert* and motions in limine on May 10th.

MR. GORDER: I think I heard week of May 10th, so will it be May 10th?

THE COURT: Yes.

MR. WAX: Judge, if you do have the ability to set that in April, I think it would be in everyone's interests if we could move that a little farther from the trial date. We have --

THE COURT: This is a habeas corpus issue. My body has been promised in another place. If it's not there, then I can actually probably do it in April.

MR. MATASAR: Well, in my view, a month ahead of time is -- whatever.

MR. WAX: Well, the issues that you are going to be presented, I anticipate will address and challenge somewhere between 50 and 75 percent of the government's case. And the challenges will run the gamut from the fundamental constitutional to the rule-based to the practical. And it's just --

MR. MATASAR: I see your point. If the hearing is on May 10th, that doesn't mean the ruling is on May 10th.

MR. WAX: To be on May 10th. And you will be asked, I anticipate, to rule on the admissibility of several hundred exhibits, and the theories are going to be relatively fact specific. So that --

THE COURT: I'll consider that.

MR. WAX: I'm just --

THE COURT: I'm not going to have the discussion among my folks right now.

MR. WAX: I appreciate that, Judge. I'm just pointing out that it's not going to be your standard, you know, motion in limine, we got three exhibits and ten pages. There could be 10 pages on each of, you know, 100 exhibits.

THE COURT: What else do we have this morning? I've got a lot of places to be.

MR. GORDER: Your Honor, just one additional

thing. Roman numeral 5 on Mr. Matasar's letter, we have two pending CIPA filings before you that are ripe for resolution.

THE COURT: Okay.

MR. GORDER: So we'd appreciate it when you can get to those.

THE COURT: Thank you.

MR. CARDANI: And then on the scheduling, the additional deadlines that go with the trial date, exhibit list, witness list.

THE COURT: We'll give you a minute order on that.

MR. CARDANI: Okay. Anything else?

MR. GORDER: Thank you.

THE COURT: Thank you very much, everyone.

(The proceedings were concluded at 10:05 a.m.)

CERTIFICATE

I, Deborah Wilhelm, Certified Shorthand Reporter for the State of Oregon, do hereby certify that I was present at and reported in machine shorthand the oral proceedings had in the above-entitled matter. I hereby certify that the foregoing is a true and correct transcript, to the best of my skill and ability, dated this 8th day of February, 2010.

/s/ Deborah Wilhelm
Deborah Wilhelm, RPR
Certified Shorthand Reporter
Certificate No. 00-0363