Mr. Kelly R. Beckley
kbeckley@beckley-law.com
Mr. Kevin W. Bons
kbons@beckley-law.com
BECKLEY LAW FIRM, P.C.
1257 High St., Suite #2
P.O. Box 11098
Eugene, OR 97440
Phone: (541) 683-0888
Fax: (541) 683-0889

Geoffrey H. Coll
*Pro hac vice pending*
Boaz I. Green
*Pro hac vice*
DEWEY & LEBOEUF LLP
1101 New York Avenue, NW
Washington, DC  20005-4213
Telephone: (202) 346-8000
Facsimile:  (202) 346-8102

Attorneys for Respondent

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CR 05-60008-02-HO** |
| **v.** ) | |
| ) | **AL RAJHI BANKING &** |
| **PIROUZ SEDAGHATY** ) | **INVESTMENT CORP.'S REPLY TO** |
| ) | **GOVERNMENT'S OPPOSITION TO** |
| **Defendant,** ) | **MOTION TO STAY ORDER FOR** |
| ) | **COMPLIANCE WITH PATRIOT** |
| **In re AL RAJHI BANK SUBPOENA** ) | **ACT SUBPOENA** |
| ) | |
| **AL RAJHI BANKING &** ) | |
| **INVESTMENT CORP.,** ) | |
| **Real party in interest** ) | |
| **Respondent.** ) | |

Response to Government Opposition                    Clients/Al Rajhi Banking & Investment
to Motion to Stay                                              Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

## TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................... ii

I.    The Government Misconstrued the Standard for Granting a Stay and
      Failed to Rebut the Bank's Showing of the Likelihood of Irreparable Harm .......... 1

II.   The Bank Has Shown a Substantial Likelihood of Success on the Merits .............. 3

      a.    The Government Has Not Shown That the Bank's Constitutional
            Argument is Unlikely to Succeed ............................................................. 3

      b.    The Government Has Not Shown that the Bank's Argument that an
            Administrative Subpoena May Not be Used to Gather Evidence for
            Trial is Unlikely to Succeed ..................................................................... 6

      c.    The Government Has Not Responded to the Argument that the
            Subpoena May be Quashed on Appeal Because Compliance
            Violates Saudi Law .................................................................................. 7

III.  The Government Has Not Disputed That the Balance of Hardships Tips in
      the Bank's Favor .................................................................................................. 8

IV.   A Stay Serves the Public Interest ......................................................................... 10

V.    Conclusion ........................................................................................................... 13

Response to Government Opposition                    Clients/Al Rajhi Banking & Investment
to Motion to Stay – Page i                           Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*American Trucking Ass'ns v. City of Los Angeles*,
    559 F.3d 1046 (9th Cir. 2009) ............................................................................... 2, 8

*Doe v. Ashcroft*,
    334 F. Supp. 2d 471 (S.D.N.Y. 2004) ........................................................................ 10

*Golden Gate Restaurant Ass'n v. San Francisco*,
    512 F.3d 1112 (9th Cir. 2008) ..................................................................................... 3

*Humane Society of the United States v. Gutierrez*,
    558 F.3d 896 (9th Cir. 2009) ....................................................................................... 8

*In re Grand Jury Proceedings (Schofield)*,
    486 F.2d 85 (3d Cir. 1973) ........................................................................................... 7

*In re Grand Jury Subpoena (Bank of Nova Scotia)*,
    691 F.2d 1384 (11th Cir. 1982) ................................................................................ 3, 4

*In re Sealed Case*,
    825 F.2d 494 (D.C. Cir. 1987) ..................................................................................... 7

*In re Sealed Case No. 02-001*,
    310 F.3d 717 (FISA Ct. Rev. 2002) ........................................................................... 10

*Mayfield v. United States*,
    504 F. Supp. 2d 1023 (D. Or. 2007) .......................................................................... 10

*Resolution Trust Corporation v. Grant Thornton*,
    41 F.3d 1539 (D.D.C. 1994) ......................................................................................... 6

*Stormans, Inc. v. Selecky*,
    586 F.3d 1109 (9th Cir. 2009) ................................................................................. 2, 8

*United States. v. Lazar*,
    No. 04-20017, 2006 WL 3761803 (W.D. Tenn. Dec. 20, 2006) ............................... 6

Response to Government Opposition                     Clients/Al Rajhi Banking & Investment
to Motion to Stay – Page ii                                        Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

*United States v. Phibbs*,
    999 F.2d 1053 (6th Cir. 1993) ................................................................................................6

*United States v. Union Bank for Savings & Investment (Jordan)*,
    487 F.3d 8 (1st Cir. 2007)..........................................................................................4, 5, 11

*United States v. Verdugo-Urquidez*,
    494 U.S. 259 (1990)..................................................................................................................3

*Winter v. Natural Resources Defense Council, Inc.*,
    __ U.S. __, 129 S. Ct. 365 (2008).......................................................................................1, 2, 8

**FEDERAL STATUTES**

18 U.S.C. § 981(k) ................................................................................................................4

18 U.S.C. § 984(c)(2)(B) ......................................................................................................4

31 U.S.C. § 5318(i)(2) ..........................................................................................................9

31 U.S.C. § 5318(k) ............................................................................................................11

31 U.S.C. § 5318A.........................................................................................................4, 10

USA PATRIOT Act, Pub. L. No. 107-56, 115 Stat. 272 (2001) ..............................4, 10

**OTHER AUTHORITIES**

FinCen, Section 311 – Special Measures,
    http://www.fincen.gov/statutes_regs/patriot/section311.html (last visited Mar.
    18, 2010) ............................................................................................................................10

Restatement (Third) of Foreign Relations Law ...............................................................7

Response to Government Opposition                       Clients/Al Rajhi Banking & Investment
to Motion to Stay – Page iii                                       Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

Al Rajhi Banking & Investment Corporation (the "Bank") respectfully submits this Reply to the Opposition of the United States to Al Rajhi Banking & Investment Corp.'s Motion to Stay Order ("Gov. Opp.").

On March 12, 2010, the government filed an unopposed motion for an expedited appeal of this Court's order. The motion set out a briefing schedule whereby the Bank's final brief will be filed by April 26, 2010, five full weeks before the scheduled commencement of Defendant Sedaghaty's criminal trial. The government and the Bank conferred together regarding the schedule and the Bank confirmed that it did not oppose the government's motion. In light of this proposed expedited briefing schedule, the appeal can now be decided before the commencement of the criminal trial. A stay pending appeal, therefore, will not prejudice the government or Defendant Sedaghaty. By contrast, a stay pending appeal will avoid the certain, severe, and irreparable harm the Bank will suffer both if it complies with the Subpoena in violation of Saudi law and if it does not comply and loses its U.S. correspondent accounts.

## I. The Government Misconstrued the Standard for Granting a Stay and Failed to Rebut the Bank's Showing of the Likelihood of Irreparable Harm

The government argues that *Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S. Ct. 365 (2008) and subsequent Ninth Circuit cases undermine the Bank's argument that if it shows a greater likelihood of irreparable harm, it need not show as robust a likelihood of success on the merits. (Gov. Opp. at 2-4.) However, the government has misconstrued the holding of the cases it cites in support of this argument. The focus of these cases is on whether a party must make a threshold showing that

Response to Government Opposition
to Motion to Stay– Page 1

Clients/Al Rajhi Banking & Investment
Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

irreparable harm is likely, as opposed to merely possible; and to the extent that these cases signify a change in the threshold standard applied in the Ninth Circuit, the change is limited to requiring a threshold showing that irreparable harm is likely.  *See Winter*, 129 S. Ct. at 375 ("We agree with the Navy that the Ninth Circuit's 'possibility' standard is too lenient.  Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that *irreparable injury* is *likely* in the absence of an injunction." (first emphasis added); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("As the Court explained, an injunction cannot issue merely because it is possible there will be an *irreparable injury* to the plaintiff; it must be likely that there will be.") (emphasis added); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) ("the correct standard is not whether there is a 'possibility' but whether there is a 'likelihood of *irreparable injury*'") (quoting *Winter*, 129 S. Ct. at 375) (emphasis added). In fact, the Supreme Court in *Winter* refrained from addressing the issue of plaintiffs' likelihood of success on the merits.  129 S. Ct. at 376 ("we do not address the lower courts' holding that plaintiffs have also established a likelihood of success on the merits").  Here, the government has not contested, and could not reasonably contest the Bank's showing that it will suffer severe and irreparable harm if a stay is not granted; and that the Bank's irreparable injury is not only likely, it is a certainty.

The other cases relied on by the government in opposition are also inapposite. *Stormans* states that the standard refuted by the Supreme Court was specifically the "'possibility of *irreparable injury' standard*" when the Court stated that "the Ninth Circuit's 'possibility' standard is too lenient."  586 F.3d at 1127 (emphasis added).  The

Response to Government Opposition         Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 2                 Corp/ Motion (08 FEB 10)
BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

government's cases do not state, and do not stand for the proposition that *Winter* overruled the Ninth Circuit's standard that "[I]f the balance of hardships tips sharply in favor of the party seeking the stay, a relatively low standard of likelihood of success on the merits is sufficient." *Golden Gate Rest. Ass'n v. San Francisco*, 512 F.3d 1112, 1119 (9th Cir. 2008) (internal quotations omitted). In fact, *Winter*'s emphasis on the requirement that a party show a possibility of irreparable injury signifies that such a showing is especially important in the context of granting a stay pending appeal.

## II. The Bank Has Shown a Substantial Likelihood of Success on the Merits

### a. The Government Has Not Shown that the Bank's Constitutional Argument is Unlikely to Succeed

This Court observed that it was "concerned with the lack of an explicit procedure in the statute, via judicial oversight, initiated by the agency seeking enforcement through termination of correspondent accounts." (Order at 7.) In an attempt to allay this concern, the government repeats again its argument that the search here is a search of a foreign national conducted entirely in foreign territory, and therefore raises no Fourth Amendment concerns under *United States v. Verdugo-Urquidez*, 494 U.S. 259, 275 (1990). (Gov. Opp. at 4.) Unlike in *Verdugo-Urquidez*, however, the search here is predicated on the Bank's U.S. connections: (1) the subpoena power is triggered by the existence of the Bank's correspondent accounts in the United States; (2) the Subpoena was issued to the Bank's agent for service of process in the United States; (3) the Subpoena calls for production of documents in the United States; and (4) the government's coercive power is exercised in the United States by threatening to close the

Response to Government Opposition                                   Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 3                                           Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

Bank's U.S. correspondent accounts. Additionally, this search is arguably no different from searches conducted through grand jury subpoenas that call for production of documents held abroad by foreign companies. Such searches have been subject to judicial review and a court order has been required for enforcement. *See, e.g.*, *In re Grand Jury Subpoena (Bank of Nova Scotia)*, 691 F.2d 1384 (11th Cir. 1982) (providing judicial review of the enforceability of a grand jury subpoena issued to a Canadian bank for records held in its main branch in Canada and in the Bahamas and Antigua).[1]

In its order, the Court held that the Bank may have had a stronger constitutional argument if it had a physical branch in the United States. (Order at 9.) The Court further stated that "foreign, remotely maintained correspondent relationships are not more worthy of constitutional protection that a foreign corporation seeking to sell a product in the United States banned by domestic policy." (*Id*. at 9-10.) The Bank respectfully calls the Court's attention to *United States v. Union Bank for Savings & Investment (Jordan)*, 487 F.3d 8 (1st Cir. 2007), where the First Circuit held that a foreign bank whose only ties to the United States was a correspondent account held at a U.S. bank, did have a constitutionally protected interest in challenging government action against that correspondent account, taken pursuant to 18 U.S.C. § 981(k), another provision of the USA PATRIOT Act, Pub. L. No. 107-56, § 319(a), 115 Stat. 272, 311-12 (2001).

---

[1] The court in *Bank of Nova Scotia* held that the fact that the records requested were outside of the United States did not render the grand jury subpoena different from a subpoena calling for testimony before the grand jury in the United States, because "the disclosure to the grand jury will occur in this country." *Id*. at 1390. Here too, the Subpoena calls for the disclosure of documents "in this country" and thus the search is not entirely conducted outside the United States.

Response to Government Opposition					Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 4						Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

In *Union Bank*, the United States had seized over $2.8 million in the bank's U.S. correspondent account, pursuant to 18 U.S.C. § 981(k), asserting that the funds corresponded to proceeds of a Canadian fraud conspiracy.[2] The bank challenged the seizure on the basis of, *inter alia*, the Eighth Amendment. While rejecting the bank's Eighth Amendment challenge on the merits, the court, in a ruling directly contrary to this Court's holding, determined that the foreign bank had standing to raise a constitutional challenge to the government's actions. *Union Bank*, 487 F.3d at 12. The court noted that the funds seized by the government "were taken from the bank account of Union Bank (Jordan), an account over which it exercised full dominion and control" and that therefore it could raise an Eighth Amendment challenge to excessive fines against "the bank itself." *Id*. at 22.

The Bank's four U.S. correspondent accounts have been actively maintained by the Bank, in some cases for as long as a decade. They do not differ in any material way from the correspondent account held by Union Bank for Savings & Investment (Jordan). There is therefore a substantial likelihood that on appeal, the Ninth Circuit will follow the First Circuit's opinion and recognize the Bank's constitutionally protected interest in the correspondent accounts it owns at U.S. Banks.

---

[2] 18 U.S.C. § 981(k) provides for forfeiture of funds in "interbank accounts." The terms "interbank accounts" and "correspondent accounts" are interchangeable. *See Union Bank*, 487 F.3d at 15 ("Interbank accounts, *also known as correspondent accounts*, are used by foreign banks to offer services to their customers in jurisdictions where the banks have no physical presence, and otherwise to facilitate transactions involving such jurisdictions.") (emphasis added). The definitions of these two terms are also substantially identical. 31 U.S.C. § 5318A(e)(1)(B) defines "correspondent accounts" as "an account established to receive deposits from, make payments on behalf of a foreign financial institution, or handle other financial transactions related to such institution." 18 U.S.C. § 984(c)(2)(B) as "an account held by one financial institution at another financial institution primarily for the purpose of facilitating customer transactions."

Response to Government Opposition                    Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 5                            Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

The government also argues that the Bank's constitutional argument is mooted because it has obtained judicial review of the Subpoena's enforceability. (Gov. Opp. at 4-5.)  However, this Court addressed the Bank's constitutional arguments on the merits and did not hold that the question was mooted by the fact that the enforceability of the Subpoena was being subject to judicial review.  Additionally, the constitutional question is not mooted because, as the government itself essentially conceded, this is a case that is capable of repetition but evading review.  (*See* Gov. Opp. at 10.)

    b.    **The Government Has Not Shown that the Bank's Argument that an Administrative Subpoena May Not be Used to Gather Evidence for Trial is Unlikely to Succeed**

To support its argument that it may use the investigatory tool of the administrative subpoena exclusively as a trial discovery tool, the government cites the same cases it cited in its Motion to Compel.  The government states that the Banks had not distinguished these cases "in any meaningful way."  In fact, the Bank distinguished all these cases in its Opposition to the government's Motion to Compel. (*See* Al Rajhi Banking & Investment Corp.'s Opposition to United States' Motion to Compel Compliance with Patriot Act Subpoena, at 15-17.)  For example, the Bank noted that *United States v. Phibbs*, 999 F.2d 1053 (6th Cir. 1993) had been cited by *Resolution Trust Corporation v. Grant Thornton* to support the proposition that administrative subpoenas *may not* be used in the manner proposed here.  *Resolution Trust Corporation v. Grant Thornton*, 41 F.3d 1539, 1547 (D.D.C. 1994).  The Bank had also noted that *United States. v. Lazar*, No. 04-20017, 2006 WL 3761803 (W.D. Tenn. Dec. 20, 2006) noted that "[t]he Court is cognizant of the fact that *Phibbs* indicates a *shift* in the

Response to Government Opposition                                          Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 6                                                          Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

judiciary's construction of the executive's criminal investigative capabilities. However, *Phibbs* is the law of *this* Circuit, and there is no sufficiently principled basis upon which to distinguish it from this case." *Id.* at *9 (emphasis added). The Bank did not repeat these arguments in its motion for a stay for the simple reason that these cases were not cited by this Court in the Order.[3]

      **c.**      **The Government Has Not Responded to the Argument that the Subpoena May be Quashed on Appeal Because Compliance Violates Saudi Law**

The government has not addressed any of the Bank's arguments that a number of omissions in this Court's analysis of the balancing test under the Restatement (Third) of Foreign Relations Law increase the Bank's likelihood of success on the merits. Instead, the government argues that "courts are unsurprisingly 'hesitant' to order actions with potentially negative implications for the international relations of the United States is thus of no particular significance" in a case of action by the executive branch. (Gov. Opp. at 7.) This argument completely misses the mark. The government ignores the fact that it was a court ruling on the enforceability of a grand jury subpoena that stated that "it causes us considerable discomfort to think that a court of law should order a violation of law, particularly on the territory of the sovereign whose law is in question." *In re Sealed Case*, 825 F.2d 494, 498 (D.C. Cir. 1987). Grand jury subpoenas are no less a tool of the executive branch than administrative subpoenas. *See In re Grand Jury Proceedings*

---

[3] The government argues that the statement "[a] Patriot Act subpoena is not a grand jury subpoena" undermines the Bank's argument that the government clearly views these tools as "equivalent." (Gov. Opp. at 6 n.3.) Obviously, these are two separate investigatory tools. The Bank's point, which the government has not addressed, is that Patriot Act subpoenas are meant to be, and are indeed used as functional equivalents to Nova Scotia subpoenas where a foreign bank has correspondent accounts in the United States but no physical branches.

Response to Government Opposition                      Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 7                                             Corp/ Motion (08 FEB 10)

*(Schofield)*, 486 F.2d 85, 90 (3d Cir. 1973) (citing 8 J. Moore, Federal Practice ¶ 6.02[1], [6] (2d ed. Cipes ed. 1972) for the proposition that grand jury subpoenas are "for all practical purposes an investigative and prosecutorial arm of the executive branch of government"). Therefore, a court should be hesitant to order the Bank to violate the laws of its own country and the Bank is likely to prevail on this element.

### III. The Government Has Not Disputed That the Balance of Hardships Tips in the Bank's Favor

The Bank has shown, and the government has not contested, that the Bank will suffer severe and irreparable harm if a stay is not granted. The government, on the other hand, faces at most a brief adjournment of the criminal trial, pending the appeal, and even this is unlikely given the expedited appellate briefing schedule proposed by the government and agreed to by the Bank. Rather than dispute that the Bank has shown that the balance of hardships tips towards the Bank, the government argues that the Bank "offers the wrong answer to the wrong question." (Gov. Opp. at 8.) It is the government that has answered the wrong question. The government attempts to undermine the Bank's argument by construing the question as a balance of the "equities" and not the "hardships." (*Id.*) The government then proceeds to argue that "the balance of the equities must, therefore, reflect the weight of the government's diligent and reasonable efforts to get the records . . . relative to the Bank's [waiting] for more than four months before challenging [the Subpoena] in court." (*Id.* at 9.)

Even if the government's characterization of the parties' conduct in the case were accurate, and it is not, the government provides no support for the proposition that the

Response to Government Opposition
to Motion to Stay– Page 8

Clients/Al Rajhi Banking & Investment
Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

parties' respective conduct in the case is the operative factor here. The case cited for the proposition that the test is one of balancing "equities" is a two page opinion that includes no substantive discussion of the element whatsoever. *Humane Soc'y of the United States v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009). The other cases that use the term "equities" use it as a synonym for "hardships." *See Winter*, 129 S. Ct. at 378-80 (discussing the hardship faced by the opponent to the stay when discussing the "balance of the equities"); *Am. Trucking*, 559 F.3d at 1059 (discussing the "balance of the hardships" in the section titled "Balance of Equities; The Public Interest"); *Stormans*, 586 F.3d at 1138 ("To qualify for injunctive relief, the plaintiffs must establish that the balance of equities tips in [their] favor. In assessing whether the plaintiffs have met this burden, the district court has a duty . . . to balance the interests of all parties and weigh the damage to each.") (internal quotations omitted). The conduct of the respective parties in these cases was irrelevant to this factor, as it is here.

In addition to misstating the relevant inquiry, the government has also mischaracterized the parties' respective conduct. The government's attempt to portray itself as a victim of the Bank's alleged delay tactics is belied by the fact that the government repeatedly and unilaterally extended the Subpoena's return date in all instances starting on October 23, 2009. (Bank Opp. at 11-13.) The extensions were granted even though the Bank specifically stated that it was not seeking them. (*Id.*)

The government cites to its "diligent and reasonable efforts to get the records through voluntary production." (Gov. Opp. at 9.) However, the government inexplicably refused to provide the Bank with information that could help the Bank assist the

Response to Government Opposition    Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 9            Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

government by making inquiries with the government of Saudi Arabia.  (Bank Opp. at 11-12.)  The government was also aware that the very regulator whose approval is required had specified that a letter rogatory was the proper method of requesting the documents.  (*Id*. at 10-11.)  Nonetheless, the government has not used the letter rogatory process, even though such a method was suggested by the Saudi authorities themselves and could have been used without first withdrawing the Subpoena.  Therefore, this factor favors the Bank even under the government's mistaken formulation.

## IV.   A Stay Serves the Public Interest

The government argues that the public interest lies enforcing this provision of the USA PATRIOT Act, and depicts the competing interests as between enforcement of that law on the one hand, and Saudi Arabian bank secrecy law or the interests of "a subset of offshore banks" on the other.[4]  (Gov. Opp. at 10.)  However, the public interest also lies in properly addressing important questions of statutory interpretation and constitutionality and thereby ensuring that enforcement of the USA PATRIOT Act, a controversial statute passed under extraordinary circumstances, does not result in constitutional violations.  *See In re Sealed Case No. 02-001*, 310 F.3d 717, 719 (FISA Ct. Rev. 2002) (describing a challenge to the USA PATRIOT Act's amendments of the Foreign Intelligence Surveillance Act as raising "important questions of statutory

---

[4] The use of the term "offshore banks" is inaccurate and misleading.  The Bank is a *foreign* bank and is by no means an "offshore bank" as defined in 31 U.S.C. § 5318(i)(2).  Similarly, the government's citation to Section 302(b)(4) of the USA PATRIOT Act, discussing "foreign jurisdictions that pose particular, identifiable opportunities for criminal abuse" (Gov. Opp. at 9) unfairly implies that Saudi Arabia and its banking confidentiality laws have been designated as being of concern.  In fact, the government has never made a finding that Saudi Arabia is of primary money laundering concern under 31 U.S.C. § 5318A.  *See* FinCen, Section 311 – Special Measures, http://www.fincen.gov/statutes_regs/patriot/section311.html (last visited Mar. 18, 2010).

Response to Government Opposition                                   Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 10                                                    Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

interpretation, and constitutionality."); *Mayfield v. United States*, 504 F. Supp. 2d 1023, 1036 (D. Or. 2007) (describing constitutional challenges to the USA PATRIOT Act as requiring a balancing of the fundamental concerns of preserving "the peace and security of our nation while at the same time preserving the constitutional rights and civil liberties of all Americans.");[5] *Doe v. Ashcroft*, 334 F. Supp. 2d 471, 478 (S.D.N.Y. 2004) ("cases engendering intense passions and urgencies to unencumber the Government, enabling it to move in secrecy to a given end with the most expedient dispatch and versatile means, often pose the gravest perils to personal liberties. . . . [i]t is precisely times like these that demand heightened vigilance, especially by the judiciary, to ensure that, as a people and as a nation, we steer a principled course faithful and true to our still-honored founding values.").

The government's argument that "no constitutional questions identified by the Bank actually relate to this case" has no basis. (Gov. Opp. at 10.) As noted above, the self-enforcing subpoena power granted under Section 5318(k) caused this Court some concern. In order to decide whether this extraordinary grant of power was constitutional, this Court evidently had to answer the constitutional question of whether a foreign bank has constitutionally protected interests in the correspondent accounts it holds at U.S. banks. As discussed in part II.a. *infra*, the Bank respectfully submits that not only is there an important constitutional issue at stake here, but that there is a substantial likelihood that the Ninth Circuit may agree with the First Circuit's analysis in *Union

---

[5] Any argument that the interests of American citizens are not implicated here would be unavailing. The government has admitted that it is seeking the subpoenaed documents for use in the criminal trial of Sedaghaty, a naturalized American citizen. Additionally, all American citizens have an interest in observing the proper constitutional limits on executive power.

Response to Government Opposition　　　　　　　　　　　　Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 11　　　　　　　　　　　　　　　　Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

*Bank*, and conclude that the Bank does have constitutional standing to challenge the provisions of the USA PATRIOT Act.

Finally, the government argues that if the court of appeals agrees with the Bank "it might well decline to hold that the question has been mooted by developments during the pendency of the appeal on the theory that the question can be expected to arise again." (Gov. Opp. at 10.) However, the government completely ignores the Bank's arguments, on pages 23-24 of its Motion to Stay, that absent a stay the Bank will have no incentive to press the appeal.

///

///

///

Response to Government Opposition  Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 12  Corp/ Motion (08 FEB 10)

BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

**V.     Conclusion**

For the foregoing reasons, this Court should stay enforcement of its order pending appeal.

Dated: March 18, 2010                                        Respectfully submitted,


      /s/  Kelly R. Beckley
Kelly R. Beckley
kbeckley@beckley-law.com
Kevin W. Bons
kbons@beckley-law.com
BECKLEY LAW FIRM, P.C.
1257 High St., Suite #2
P. O. Box 11098
Eugene, OR 97440
Phone: (541) 683-0888
Fax: (541) 683-0889

Geoffrey H. Coll
*Pro hac vice pending*
Boaz I. Green
*Pro hac vice*
DEWEY & LEBOEUF LLP
1101 New York Avenue, NW
Washington, DC  20005-4213
Telephone: (202) 346-8000
Facsimile:  (202) 346-8102

ATTORNEYS FOR RESPONDENT

Response to Government Opposition                         Clients/Al Rajhi Banking & Investment
to Motion to Stay– Page 13                                       Corp/ Motion (08 FEB 10)
BECKLEY LAW FIRM, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com